We will move on to the second case set for argument United States v. Mapuatuli case number 19-10233 and Miss Chen if you're ready you may proceed. May it please the court, Davina Chen on behalf of Alan Mapuatuli. I'd like to The first step act was historic bipartisan legislation directed at the problem of over-incarceration. Its sentencing provisions reduced some of the most draconian mandatory minimum sentences in the federal code, including as relevant here, those for drug offenses. Now it's undisputed that if the reduced penalties apply in this case, the mandatory minimum for Mr. Mapuatuli's drug offense is 10 years, not 20. And it's undisputed that if the July 2019 sentencing had been Mr. Mapuatuli's first sentencing, the reduced penalties would have applied. But the district court held that its prior imposition of an illegal pre-FSA sentence meant that the reduced penalties did not apply at Mr. Mapuatuli's post-FSA sentencing. This was error for four reasons. First, the plain language of section 401C provides that the reduced penalties apply if at the time of the first step act's enactment there remained a sentence to be imposed. Here, because Mr. Mapuatuli Hold on. Back up. What you just said doesn't really comport with my reading of the plain language. The plain language says, shall apply to any offense that was committed before the date of enactment of this act. So there's no dispute there, right? But then it says, if a sentence for the offense has not been imposed as of such date of enactment. That's right. And so if a sentence for the offense has not been imposed, there had been a sentence for the offense that had been imposed. That's right, but there was also a sentence for that offense that had not been imposed. And this is the primary problem with the government's argument in this case. There was a sentence that had not been imposed. Is that, are you saying the sentence had not been imposed because it was void? No, I'm saying that the July 2019 sentence had not been imposed. The statute does not say that the FSA shall not apply if a sentence has been imposed. It says that it shall not apply, it shall apply if a sentence has not been imposed. Now those two things may in some circumstances mean the same thing, but in the case of sentencing, which is not a singular event. It has another phrase. It says as of such date of enactment. That's correct. December 21st, 2018. That tells us we have to look at what is true as of December 21st, 2018. And as of that date, we had a sentence imposed. I agree, Your Honor. If you'll bear with me, he did have a sentence imposed. And he also had a sentence that had not been imposed. Sentencing is not a singular event. Sentencing occurs more than once. I understand your argument. I guess I hadn't understood it in this light, to be honest with you from the briefs. But it seems to me that your argument is a little bit more compelling if, for instance, there was a remainder of the sentence to be imposed. Like say the prison term had been imposed, but the supervised release had not been imposed. Then presumably, you have perhaps two sentences to be imposed. But here, the sentence itself, I mean, a sentence has not been imposed as of such date of enactment. It's the same sentence. Right. No, no, it isn't. This is what's very interesting to me, okay? So it's very clear the way sentencing works, that sentencing can happen once. So a person can have a sentence imposed and also have a sentence that is not imposed. I went back and read North Carolina versus Pierce this weekend because I thought it might be relevant and that the parties had signed. In North Carolina versus Pierce, the Supreme Court held that when you're sentenced and convicted and sentenced, and then your conviction is vacated and you're re-sentenced, you can get a higher sentence. Why is that? Because your singular sentence in this case is the second sentence. Now in this case, very clearly, a sentence can be imposed more than once. Mr. Mapatuli had a sentence imposed in 2015. I am not arguing that that sentence was not imposed. What I'm saying that as of the date of the enactment of the First Step Act, December 2018, he also had a sentence that had not been imposed. And that is the sentence that we're talking about today. Now I spent quite some time this weekend trying to figure out why. I want to back up because you made me think about this in a new light. Okay, so I'd understood the argument before that the argument as to why it had not been imposed was because when the sentence was voided, it made the prior sentence that was clearly imposed before the date of enactment null and void. That's the argument I'd understood. And I take it, what if the sentence were just changed somewhat? What if it wasn't null and void, but something was added to it? Would that also be a sentence that has not been imposed? There's one thing if the sentence is null and void, the first sentence is null and void, what if they don't nullify or void the first sentence, but they just add something to it, which isn't what happened here. But your argument would have the same force in a case like that. It's actually a more expansive reading of the statute than even the Fourth Circuit gave in its unpublished opinion. I'm sorry, my argument is more expansive than the argument that if they had... No, I think your argument, I'm trying to flesh it out because it seems like it's more expansive because you're not just relying on the fact that it was a void sentence. You're basically saying if any aspect of the sentence was changed, because the new sentence... I'm not talking about changing the sentence. In this particular case... Why wouldn't that apply under your theory? It might apply in a case that's changed a sentence, but I think that what Congress did in this case is they left the structure up to the regular sentencing proceedings. So for example, this court held in a case U.S. v. Kelly, Judge Nelson, you were on that panel. The Section 404B resentencing is not a resentencing. It's just a limited adjustment to a sentence. And this court held you can't change anything about the sentence except for what that statute says you can change about the sentence. So in that case, arguably, it's not that a sentence is being imposed later. It's that there's a limited adjustment to a sentence. But for Mr. And that sentence had not been imposed as of the date of the enactment. I think this is really important. And the reason why I'm emphasizing it so much is I went back and I looked at the government's argument, which starts on page one of its brief and repeats over and over in its brief that the section did not apply because a sentence had been imposed. So it's inverted. The dissents in Bethea, in Henry, in Uriarte, all of them invert the phrase. They all say because a sentence had been imposed as of such date of enactment, the statute did not apply. In fact, I went back and I listened to Senator Grassley's questioning of Amy Coney Barrett at her confirmation hearing. And he asked her about her dissent because he had written this amicus in my case and he told her he disagreed. And when she responded to him, she said, I was interpreting the plain language of the statute and she inverted it in the hearing. She said she was interpreting the language that read, it did not apply to defendants on whom sentences had already been imposed. So I was wondering, why is everyone inverting the statute? Why is everyone saying it does not apply if a sentence has been imposed when in fact the statute says it does not apply, it does apply if a sentence has not been imposed. And the reason I think that they're inverting it is because generally speaking, those two phrases mean the same thing, but they do not mean the same thing when the event, and in this case the event is the imposition of a sentence, any sentence. Those two phrases do not mean the same thing when the event is not a singular event. It's an event that can occur more than one time. Now Judge Nelson, you said this is a very expansive reading. It's not that expansive because the way our sentence works is that there's not that many times you can get a sentence. It's like you can get a sentence the first time. And as you said, maybe if there was some part of the sentence that needed to be changed after, that would be a second time. That would be very unusual, that it would just happen right over the cusp of the date of enactment. You can get a new sentence if, like Mr. Mappatulli, his sentence went up on appeal, it was vacated and it came back. You could get a new sentence after 2255. But that's pretty much it. You can't just come in the court and get new sentences all the time. So Congress left the structure of who would get the benefit of the FSA up to the regular sentencing structure. If you are in court to get a new sentence, then it applies. And that makes perfect sense. I think Judge Collins has a question. If this were Congress's intent, wouldn't it just have been so much easier to say that it applies to any sentence proposed after the date of enactment? It sure would have. And the next time Congress writes a statute like this, we're going to ask them to please write it that way. But let me tell you, I came up with a number of ways that the Congress could have written if they wanted the government's interpretation. They could have said if a first or initial or original sentence for the offense has not been imposed. They could have inverted it themselves. They could have said if no sentence for the offense has been imposed. They didn't say if no sentence has been imposed. They said if a sentence has not been imposed. Or they could have said what the government and every dissenting judge has said. They could have it shall not apply if a sentence has already been imposed. But they didn't say that. And they wanted to treat people who were being sentenced for the first time the same as someone who was being sentenced because their sentence had been vacated. Because as a matter of law, those two individuals are in the same position. There was no reason that Congress would have wanted courts to continue applying the statute that they just rejected as unfair. And sure, they chose a very weird way to say it. But what I'm saying is that they did not say what the government is saying they said. The government has inverted the not. I'm not sure they said what you're saying. If we're not sure, then the rule of lenity applies. Did you want to reserve some time for me? Yes, please. Okay. Miss Purcell, good to see you again. Well, it's been a long time, Your Honor. Mary Purcell from the United States. I'd like to start with the claim that the government and the dissents are inverting this statute. Can you help me out here? Is this a new argument or a twist on an argument that was already made? I didn't pick up on this before. I was focused on the void aspect to it. But this seems like a sort of a twist on it. It's a twist. It's definitely a different twist. But was this raised below this interpretation as possible? I don't recall that it was, Your Honor, but I can't swear to it. Okay. The thing that I wanted to say about the inverting of it is it's not an inversion at all. The phrase is if a sentence for the offense has not been imposed as such a date of enactment. Well, when a sentence has been imposed, that's the opposite. That means that condition is not met. And that's why we say, well, wait a minute, wait a minute. A sentence has been imposed. That's not inverting it. That's saying this phrase is not met. You're saying the condition precedent has been satisfied. Right. Because there's no other way to say it. If the sentence for the offense has not been imposed. Now, that's not true. It's not true to say there's no other way to say it. Because Ms. Chen gave several other ways that are frankly a lot clearer. If this is that no sentence for the offense has ever been imposed as of the date, then that might be clearer. I mean, we're left with this precisely because this is not terribly well worded. Yeah, I apologize. I was not saying that the statute couldn't have been written differently. Absolutely. The statute could have been written lots of different ways. What I meant was that when you are testing this statute against the facts of this case, the answer is yes, a sentence for the offense has been imposed. And when we say that, we're not changing the meaning or the language of the statute. We're using the words of the statute and saying the prerequisite is not met. Because the sentence for the offense has been imposed. Now, the next point that I want to make. What about this idea that there's multiple sentences? I'm sorry? What about this idea that there's multiple sentences? Is that how the government sees the sentencing? It's a new way of looking at it that I hadn't thought through. Is that consistent with how the government views a case like this? That it's a new sentence that's been imposed after the first one's voided? It's a fact. It's a fact that one can have a sentence imposed, vacated, and then a new sentence imposed. Obviously, that happens with some frequency. They're both sentences. They were both imposed. The government's position is the first one was imposed. And as of the date of enactment of the First Step Act, that was the situation. Is that at that moment, a sentence had been imposed. It makes no difference that it's possible that someday in the future, another sentence will be imposed. Because as of that moment, and I think the other side frequently ignores the last part of that phrase, as of such date of enactment. Well, as of that date, a sentence had been imposed. And this case is much more difficult than, for example, Uriarte. Because in this case, as of the date of enactment, that sentence had not been vacated. That sentence was in existence. The Uriarte majority relies upon the fact that in that case, the sentence had already been vacated at the date of enactment. And so there was no sentence in place. I can't agree with that. The sentence had already been imposed earlier. But that's key to the Uriarte majority. And it doesn't apply here. As of the date of enactment, there was a sentence in place. Not just that it had been imposed. It was not vacated. It was still in existence. Because the case was still on appeal. One thing that I really... But you would agree. I mean, here's what's interesting about it. The argument from the other side that puts this twist is that there is, if you, if the government says that it's a new sentence imposed after enactment, that does suggest that there is a sentence for the offense that has not been imposed as of the date of enactment. I mean, if anything, if we accepted that argument, it would lead to ambiguity in the language. I think we all acknowledge it's not the clearest language. The question is, can we find it to be unambiguous or not? And if that's a plausible interpretation, that, well, there's a sentence that has not been imposed. If a new sentence comes up, it clearly hasn't been imposed at the date of enactment. That's an amazingly awkward way to interpret that language. With all due respect, so is the government's position. Which, coming into this, I had thought would clearly carry the day. But it's also an awkward way of saying, to say that if a sentence for the offense has not been imposed as of the date, as of such date of enactment. But I guess we get into a debate about which one's more awkward. Maybe that's the way. I can't agree, Your Honor, because the, the literal language is clear. The sentence, if the sentence, if a sentence has already been imposed, then it does not apply. Well, that's not quite what the statute says. The statute says when the statute does apply. And that's what Ms. Chen's argument is built on. So sure, if the statute said it doesn't apply if a sentence had been imposed. But that's not what the statute says. So I don't think you can automatically jump to the conclusion that that is what the statute says it doesn't. Your Honor, one of the things I can, I can say about this is, you know, you know, those optical illusions where if you look at something one way, you see one thing and you look at it another way. There's one where it looks like either a duck. And then if you really look at it the different way, it looks like a rabbit. And in that particular optical illusion, I always see the duck. I always see the duck first. But I can force myself, if I, if I, you know, concentrate, I can see the rabbit too. In this one, I had an awful hard time finding the rabbit. I just couldn't find the rabbit. And I finally... Well, it's fair to say that it didn't jump to mine because that wasn't the argument presented in the briefs that were filed with us. So I hear what you're saying. But it is true that you have translated and lots of people have translated. And I suspect I have translated the language actually a half step away from what it specifically says. Now, I can't say that I've embraced defendant's argument just yet because it seems to me it's premised on the notion there's always the possibility, in this case, as of the date of enactment, a hypothetical possibility that there will be a need for another resentencing. But it's true that the literal language speaks in terms of when the statute shall apply, not in terms of when the statute shall not apply. So that's, I think, the path we're on. And perhaps to get to what I'm really interested in, it seems to me Congress was drawing a line here. I don't know that I understand what logic there was behind the line that the government proposes that the government, that Congress drew. And why is it that it should matter when the sentence was vacated or when the sentence was imposed if it's going to be vacated later and a new sentence imposed? I'm struggling with trying to figure out the logic behind what we have in front of us. Your Honor, first of all, it's our position that the language is completely clear if you consider the phrase withhold, including as of such date of enactment. The fact that there could be a future sentence doesn't make any sense if you focus on what was in place as of the date of enactment. Now, as to why Congress could have wanted it, of course, our position is that we don't get there because we don't get past the language of the statute, because the language of the statute is clear. But that doesn't mean that there aren't rational reasons why Congress might have wanted to draw that exact dividing line. We know, of course, that Congress deliberately did not make it fully virtuous. They could have done it. They could easily have done it. They did it in section right, three sections later. They made a decision to draw a line somewhere. No matter where you draw the line, if you don't make it fully retroactive, there's going to be some unfairness somewhere. So why is this particular line a good one? Policy considerations are not something we should need to get into here, but there are some pretty good reasons. So if two people are sentenced at the same, originally sentenced at the same time, they may be co-defendants. They may be otherwise essentially identical. And for whatever reason, one of those defendants gets re-sentenced later and gets a much lower sentence. That occurred in Uriarte and Stuck, for example. There was a co-defendant who was seen as less culpable, who ended up with a much longer sentence. They're among the reasons why it can come out unfair to give a benefit to somebody who's sentenced later. They're mentioned in a lot of the cases. There's the situation in which one person, two defendants, same case, even the same remand, so that the sentences are vacated at the same time for the same reason. They go back to re-sentencing, and one person takes an extra year changing counsel three times and is ultimately re-sentenced after the enactment, while the other defendant is re-sentenced after the enactment. That's irrational. Why should those two people have radically different sentences? Now, I'm not arguing against, I'm arguing on the ground that Congress decided not to make it retroactive. They could easily have given a benefit to all of those people, but they decided not to, and they drew the line where they drew the line. And there are a lot of specific examples of that in the case law. The Henry case includes, the dissent, I'm sorry, in the Henry case provides an example of two otherwise identical cases in which sentencing is delayed in one and not the other. And then there's also the example of the situation in which someone appeals a narrow issue, the appeal is handled expeditiously, it goes back quickly to the district court, and his co-defendant or someone else similarly situated brings 45 issues to the court of appeals, it takes an extra year to go through the system, to weed out the frivolous issues, and he's sentenced later. While all of their underlying facts and merits are identical. So there are, I'm not saying that there are no disparities the other way either, I'm saying there's a reasonable place to draw the line. Can I ask you to address the Fourth Circuit case, Bethea? I noticed, at least I don't think the government responded to the letter that was sent in. Does the government have a position? Obviously, I take it you believe that the Fourth Circuit decision is wrong, but why that position? Is there a way to distinguish between cases? There, Bethea is wrongly decided. It's a case, this is an extreme example of hard cases to make bad law. It's difficult for judges looking at very, very long sentences, not to work it, trying to figure out how to get around. And I think they turned themselves into pretzels trying to figure out how to get around it. But there is one way in which Bethea is distinguishable. And that's one of the things that that case hangs on, is that the sentence was vacated before it reached appeal. As opposed to the situation we have here, where there was a sentence in appeal and a remand. They mentioned that as significant in the enforcement of the majority. I mean, what's the basis for that? I mean, it seems that either way it relies on if it's void, it's void, whether it's done after or before. If it's not void for purposes of 403, then it doesn't really matter whether it's vacated before or after the government. I can only tell you that that court cited it as a factor in their analysis. That because they're thinking of it as the district court, it went away even more. It was even more vacated because the district court fixed it itself. I'm not saying it's rational, but I don't think the whole majority opinion is rational. I think the dissents in Bethea and Uriarte, and I did want to make one point about the dissent in Uriarte and Justice Barrett's dissent. I was talking before about the rabbit and the duck. I didn't actually understand the argument on the other side until I read her dissent because for the first time, she said, look, what they're looking at is not whether a sentence has been imposed or has not been imposed. They're looking at the defendant's status. That's the way the other side looks at it, is the status input. The statute doesn't talk about the status. The statute talks about whether a sentence had or had not been imposed for the offense as a debate of the maximum. Okay. Yep. Thank you, counsel. Okay. I think we're ready. I have five points to make. I don't know if I'm going to make them all in two minutes. The first is that these briefs sometimes are written by committee, but this is the argument that I presented in this brief. So the ALB on page 26, I said, because that sentence had not been imposed when the First Step Act passed, a sentence had not been imposed. On page six of the reply brief, I say the government insists that because a sentence had been imposed before the First Step Act was enacted, 401 does not apply. But the statute does not say if a sentence has been imposed. Section 401 does not apply. It says if a sentence has not been imposed, Section 401 does apply. So this has been my argument throughout. I apologize. On the date of enactment, the date that matters, what other sentence was there? I mean, it seems to me that this presumes that there's always the possibility of another sentence out there that could be imposed in the future. And it really didn't matter what had happened in the past. And I have trouble understanding the logic of that. Two things. One, the only sentences that would be existing out there in the future are the sentences that could be imposed based on the regular way that sentencing works, which means an appeal, after an appeal, or after a 2255. So yes, there's always a sentence out there. But I want to tell you that this court has already acknowledged this. So in the case Voris, which is a case that the government relies on, the court says the reason why that individual did not get the benefit of the First Step Act is because a sentence had already been imposed. But in that case, there was a remand for resentencing. And the court said, we express no opinion as to whether the First Step Act applies on resentencing. Now, if the court had meant, if a sentence has been imposed, it's always been imposed, and therefore, the First Step Act does not apply, there would have been no reason to drop a footnote saying, of course, we're remanding for resentencing. And so we express no opinion as to whether the First Step Act applies. Ms. Purcell tells us that the condition precedent has been met, but that is not true. The condition precedent in this case is that a sentence has not been imposed. And in this case, a sentence has not been imposed. I want to talk about line drawing, because where the government says that Congress drew the line is not only inconsistent with the statute, it's inconsistent with what the Supreme Court believes Congress desires. So in Dorsey, two things in Dorsey. First, the court said that we don't generally impose different sentences on individuals who've done the same thing when they're in court on the same day. Congress wanted to make sure that after the First Step Act passed, if two people were in court on the same day for having done the same thing, they don't get totally different sentences, because one person had already previously been sentenced and was back here for resentencing. The Supreme Court also said in Dorsey, we don't assume that Congress, when it abolishes a sentence, desires courts to continue imposing that sentence. And probably most importantly, in Pepper. In Pepper, the government argued that if a court could look at post-sentencing conduct, then the person who gets a new sentence is benefited, and that causes disparity. And what the Supreme Court said was, that kind of disparity is not unwarranted, because it's a result of the operation of regular sentencing procedures. This, too, is the result of the operation of regular sentencing procedures. Counsel, thank you. Thank you both, counsel, for a very interesting time. That case is now submitted.
judges: Clifton, Nelson, Collins